

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Balaj v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Balaj v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4025
_____

FITIM BALAJ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A98 477 936)
Immigration Judge:  Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2008

Before:  FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

(Filed: February 21, 2008 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Fitim Balaj seeks review of an order of the Board of Immigration Appeals

("BIA"), affirming the Immigration Judge's ("IJ's") denial of his request for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").  For the following reasons, we will deny the petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

Balaj is an ethnic Albanian who was born in 1978 in Lluga Istog, Kosovo.  He is a citizen of the Federal Republic of Yugoslavia, now Serbia.  He and his family fled Kosovo because of oppression by Serbs and returned in 1999.  Balaj was a member of the Democratic League of Kosovo (LDK) party beginning in 1997; his family also belonged to the LDK.  His family, which still lives in Kosovo, consists of his wife, father, mother, and brother.

Balaj states that he fears harm from Albanian extremists affiliated with the Kosovo Liberation Army (KLA) and from Serbian spies.  His fears are based mainly on two violent incidents.

First, in October 2002,[1] Balaj and his wife were accosted by three masked men while walking home from an LDK meeting.  The men warned them to discontinue their LDK activities.  One of them hit Balaj over the head with a gun, rendering him

---

[1]Balaj's I-589 Application for Asylum stated that the incident took place in 2002.  At different points during his testimony before the IJ, he stated that it was in 2002 and that it was in 2003.

2

unconscious. The men then threatened to rape his wife but were stopped by other LDK members who were also leaving the meeting. Balaj reported the incident to his local LDK party leader.

In March 2004, a car bomb exploded in front of Balaj's family's home in the middle of the night. The bomb shattered the windows of Balaj's home, and he and his family were cut by flying glass. Balaj testified that he left Kosovo that day.

Balaj came to the U.S. with a friend, Ardjan Gashi, and entered illegally over the Mexican border. Balaj testified that Ardjan's brother, Saleh Gashi, picked up Balaj and Ardjan at the Port Authority bus station in Manhattan on April 11, 2004. However, Balaj submitted an affidavit from Saleh Gashi that states that Saleh saw Balaj and Ardjan for the first time when the two travelers arrived unexpectedly at Saleh's home in New Jersey in the middle of the night on April 13, 2004. Balaj was unable to explain this discrepancy at his hearing.

Balaj presented an affidavit from the mayor of his town, who is also the local LDK party leader. The affidavit confirmed that Balaj was an active member of the LDK, but did not mention either of the acts of violent persecution about which Balaj testified. Balaj did not present medical records from either of the incidents. He did not have letters or affidavits from his family members, who remain in Kosovo, about these events. Balaj stated that he did not have corroborating documentation because he did not know he needed it.

The IJ denied Balaj's applications for asylum, withholding of removal, and relief under the CAT. The IJ's oral opinion stated that while Balaj's claims of harm prior to 1999 are credible, country conditions have changed in Kosovo from 2000 (when the United Nations interceded) to the present. In addition, the IJ noted that none of Balaj's testimony about the violence he suffered at the hands of the KLA was corroborated. None of the documents Balaj presented contained any mention of the violence, and the IJ stated that such documentation was reasonably available from his family in Kosovo. Therefore, the IJ found that Balaj was not credible and had not met his burden of proof on his claims of persecution and torture.

The BIA summarily affirmed the IJ's decision, noting: "We agree that the respondent failed to meet the burdens of proof on his claims of persecution and torture, even assuming that he testified credibly." Balaj now files this timely petition for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). In cases where the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review the IJ's decision and the BIA's affirmance under the deferential "substantial evidence" standard. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). A finding is not supported by substantial evidence only where "no reasonable fact finder could make that finding on the administrative record." *Id.*

4

The Attorney General may, in his discretion, grant asylum to an alien who can prove that he has experienced persecution or has a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, which is mandatory, an applicant must present credible evidence demonstrating a "clear probability" of persecution if removed to a particular country. *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984). If an applicant shows that "it is more likely than not that [he] would be tortured in the country to which [he] would be removed," the applicant must receive protection under the CAT. *Obale v. Att'y Gen.*, 453 F.3d 151, 161 (3d Cir. 2006). An alien does not qualify for CAT protection unless the torture is inflicted "by or at the instigation of or with the consent or acquiescence of a public official." *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005).

Balaj contends that he presented credible evidence of past persecution and that he established a well-founded fear of future persecution. He asserts that the IJ was biased against him and therefore refused to grant asylum. In addition, Balaj argues that the IJ did not complete the required analysis regarding the lack of corroborative evidence, and therefore the BIA erred when it affirmed the IJ's decision.

Balaj did not carry his burden of proof on whether he experienced past persecution, because he did not provide corroborating evidence for his testimony about

the violent incidents he claimed to have experienced. Therefore, he was not entitled to a presumption that he would be persecuted in the future, 8 C.F.R. § 208.13(b)(1), and did not prove that he was eligible for asylum.

Balaj need not have provided corroboration for his testimony unless it was reasonable to do so, but if corroboration was reasonably available, obtaining it was not optional. *Abdulai v. Ashcroft*, 239 F.3d 542, 551 (3d Cir. 2001). "[A]n applicant who neither introduces [corroborating] evidence nor offers a satisfactory explanation as to why he or she cannot do so may be found to have failed to meet his or her burden of proof." *Id. Abdulai* outlines a three-part inquiry for such cases: "(1) an identification of the facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so." *Id.* at 554.

Contrary to Balaj's argument, the IJ performed the *Abdulai* three-part analysis. *Id.* at 551-52. The IJ identified that it was reasonable to expect corroboration of the facts of the two violent attacks, such as letters from Balaj's family or Lluga Istog LDK members, medical records, photographs, or copies of the threatening letters supposedly sent to Balaj by the KLA. This expectation was reasonable because Balaj demonstrated that he was able to produce some documentation (including his marriage certificate, his LDK membership card, and a letter from his mayor). In addition, it would have been

6

reasonable for Balaj to obtain corroborating evidence because his family is still living in Kosovo. Second, the IJ established that Balaj had not provided information corroborating the relevant facts of the attacks. Third, the IJ found that Balaj's explanation for his failure to obtain the evidence – that he did not know he needed them – was not adequate.

Therefore, there is substantial evidence in the record to show that the IJ reasonably determined that Balaj failed to carry his burden of proof due to his failure to provide corroboration. Since Balaj did not establish past persecution, he is not entitled to a presumption of future persecution.

Even if Balaj had carried his burden of proof as to past persecution, he would not be entitled to relief, because country conditions in Kosovo have changed such that he need not fear future persecution. We have explained:

> [W]here an asylum applicant has established past persecution, the existence of that persecution gives rise to a presumption that the applicant has a well-founded fear of future persecution. This presumption may be rebutted, however, if the government establishes, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in his or her home country.

*Voci v. Gonzales*, 409 F.3d 607, 617-18 (3d Cir. 2005) (citing 8 C.F.R. § 208.13(b)(1); internal quotation marks and citations omitted).

The IJ credited Balaj's testimony about the persecution he and his family experienced in 1999 and prior. However, the IJ found that country conditions in Kosovo had changed since the NATO and UN intervention in 2000. The IJ noted that in Balaj's

7

area of Lluga Istog, the LDK, of which he is a member, is in control. Based on the evidence in the record, we cannot say that it was unreasonable for the IJ to find that Balaj no longer has a well-founded fear of future persecution, even if he was persecuted in the past.

Because Balaj has failed to demonstrate that he is eligible for asylum, we conclude that it was reasonable for the IJ and BIA to determine that he does not meet the more stringent standards for withholding of removal. "An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal." *Chen*, 376 F.3d at 223.

Balaj has not carried his burden of proof on his claim for protection under the CAT, because he has not demonstrated that it is more likely than not that he would be tortured if returned to his home country. The IJ denied Balaj's CAT claim because there was no indication that any torture would be inflicted "by or at the instigation of or with the consent or acquiescence of a public official." *Auguste*, 395 F.3d at 151. Balaj stated that the individuals he fears are KLA extremists and Serbian spies, not persons associated with the government. Furthermore, the government in his area is controlled by the LDK, of which Balaj was a member. Therefore, the denial of Balaj's CAT claim was supported by substantial evidence.

Balaj argues that the IJ's adverse credibility determination was not supported by substantial evidence. However, his testimony was contradictory in certain respects. The most significant contradiction concerns the circumstances of Balaj's arrival in the greater New York City area. The IJ found that the discrepancy between Balaj's testimony and Saleh Gashi's affidavit undermined the credibility of all of Balaj's testimony.

The government claims that the discrepancies in Balaj's testimony support the IJ's findings. Balaj argues that the discrepancies do not go to the heart of his claim, and therefore the adverse credibility determination is not supported by substantial evidence. *Gabuniya v. Att'y Gen.*, 463 F.3d 316, 322 (3d Cir. 2006).

It is questionable whether the circumstances of Balaj's arrival in the United States went to the heart of his asylum claim. Whether Balaj took a bus to Manhattan or knocked on his friend's brother door in New Jersey in the middle of the night has no bearing on whether his fears for his safety in Kosovo are reasonable. On the other hand, the IJ sensibly pointed out that the circumstances of Balaj's arrival in the United States would seem to be momentous and not subject to fading memory.

In this case, it is unnecessary for us to determine whether the credibility finding was supported by substantial evidence. This is because we defer to the BIA's determination that Balaj failed to meet the burden of proof on his claims of persecution and torture. As our analysis above shows, we cannot say that no reasonable adjudicator could have concluded that Balaj failed to meet his burdens of proof on his asylum,

9

withholding, and CAT claims.  Therefore, the adverse credibility determination was not outcome-determinative, and we need not decide whether it was supported by substantial evidence.

## IV.

For the foregoing reasons, we will deny Balaj's petition for review.

10